■ INFINITY CORPORATION et al., Appellants-Respondents, v CHAMPION PARKING CORP., Respondent-Appellant. [680 NYS2d 231] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 9, 1998, which denied the plaintiffs' motion and defendant's cross motion for summary judgment, unanimously modified, on the law, to the extent of granting defendant's cross motion dismissing the complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-respondent-appellant dismissing the complaint.

On March 21, 1994, plaintiff Infinity Corporation entered

into a 12-year sublease with defendant for a garage located at 51 East 77th Street. Schnurmacher Brothers owned the subject premises as a condominium unit and Infinity held the lease on the garage. As additional consideration for the sublease and Schnurmacher's consent to the sublease, defendant entered into two separate letter agreements dated March 21, 1994, one between Champion and Infinity and the other between Champion and Schnurmacher, as well as Non-Disturbance, Subordination and Attornment agreements between Champion and Chemical Bank, holder of a leasehold mortgage on Infinity's lease, and between Champion and Schnurmacher. In the letter agreement with Infinity, Champion granted, in accordance with the sublease negotiations, five free parking spaces to specified designees of Infinity, its landlord on the sublease. In the other letter agreement, Champion granted the same parking spaces to Infinity's landlord, Schnurmacher, or its successors, assigns or designees, in the event that Schnurmacher ever became Champion's landlord.

When Infinity subsequently defaulted on its leasehold mortgage, which Chemical had sold to Lennar Partners, Lennar foreclosed. In the meantime, Schnurmacher had sold its interest in the premises to Gallery Partners. When Lennar then sold its interest in the lease to Gallery, Gallery became the owner and leaseholder of the garage, while Champion, pursuant to the Non-Disturbance agreements, remained the garage tenant. Subsequently, when Champion advised plaintiffs, two of Infinity's designees for use of the free parking spaces, that they could no longer do so free of charge, plaintiffs brought this action.

In our view, the parties' intention that the right to the five free parking spaces would pass to Infinity's successors-in-interest as Champion's landlord is unambiguously demonstrated as a matter of law when the sublease agreement is read in conjunction with the related, contemporaneous agreements executed in the sublease transaction (*see, Flemington Natl. Bank & Trust Co. v Domler Leasing Corp.*, 65 AD2d 29, 32, *affd* 48 NY2d 678), and when it is noted that both Infinity and its landlord, the garage owner Schnurmacher, were represented in the transaction by the same counsel. Concur—Milonas, J. P., Williams, Andrias and Saxe, JJ.